IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

KENNETH BRYON HALSEY,　　　　)
　　　　　　　　　　　　　　　)
　　　Plaintiff,　　　　　　　)
　　　　　　　　　　　　　　　)
v.　　　　　　　　　　　　　　)　　　CASE NO. 3:25-cv-1037-RAH
　　　　　　　　　　　　　　　)
LEE COUNTY SHERIFF'S DEPT.　 )
INVESTIGATORS,　　　　　　　 )
　　　　　　　　　　　　　　　)
　　　Defendant.　　　　　　　)

## **MEMORANDUM OPINION AND ORDER**

Plaintiff Kenneth Bryon Halsey, an inmate proceeding *pro se* and *in forma pauperis*, initiated this action by filing a Complaint on this Court's standard form routinely used by inmates to file a lawsuit under 42 U.S.C. § 1983. (Doc. 1.) Upon review of the Complaint under 28 U.S.C. § 1915(e)(2)(B)[1], and for the reasons explained below, this action will be **DISMISSED** with prejudice as time-barred and frivolous.

## I.　　THE COMPLAINT

The Complaint alleges that, on March 3, 2023, officers of the Lee County Sheriff's Department illegally entered Plaintiff's residence. (Doc. 1 at 2–3.) They "kicked [Plaintiff's] door in and took custody of [his] child without a valid search warrant," and Plaintiff was "assaulted and illegally detained for 8 hours." (*Id*.) As relief, Plaintiff seeks monetary damages and for criminal charges to be brought

---

[1] Under this statute, the Court is required to dismiss a complaint if it is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.

against the officers. (*Id*. at 4.) Plaintiff filed the Complaint on December 19, 2025. (*Id*.)

## II. DISCUSSION

Upon consideration of the allegations in the Complaint, the Court concludes that Plaintiff's claims are barred by the applicable statute of limitations. "All constitutional claims brought under § 1983 are tort actions, subject to the statute of limitations governing personal injury actions in the state where the § 1983 action has been brought." *McNair v. Allen*, 515 F.3d 1168, 1173 (11th Cir. 2008) (citation omitted). The governing limitations period in Alabama is two years. *Id*. (citing Ala. Code § 6-2-38; *Jones v. Preuit & Mauldin*, 876 F.2d 1480, 1483 (11th Cir. 1989)). Accordingly, to have his claims heard by this Court, Plaintiff must have brought them within two years from the date the limitations period began to run, which is generally the date "the facts which would support a cause of action are apparent or should be apparent to a person with a reasonably prudent regard for his rights." *Brown v. Ga. Bd. of Pardons & Paroles*, 335 F.3d 1259, 1261 (11th Cir. 2003) (citing *Rozar v. Mullis*, 85 F.3d 556, 561–62 (11th Cir. 1996)).

The Complaint repeatedly asserts that the events Plaintiff challenges took place on March 3, 2023. (Doc. 1 at 2–3). Thus, on March 3, 2023, the facts supporting Plaintiff's cause of action were apparent or should have been apparent to Plaintiff, and the limitations period began to run.  However, Plaintiff did not file the instant action until <u>at least</u> December 19, 2025, more than nine months after the limitations period expired. As such, and because Plaintiff has provided no basis for tolling the statute of limitations, it is clear from the face of the Complaint that his § 1983 claims are time-barred and must be dismissed as frivolous. *See Smith v. Shorstein*, 217 F. App'x 877, 880 (11th Cir. 2007) ("The expiration of the statute of limitations warrants dismissing a complaint as frivolous.") (citing *Clark v. State of Ga. Pardons & Paroles Bd.*, 915 F.2d 636, 641 n.2 (11th Cir. 1990)); *see also*

*Baldwin Cnty. Welcome Ctr. v. Brown*, 466 U.S. 147, 152 (1984) ("Procedural requirements established by Congress for gaining access to the federal courts are not to be disregarded by courts out of a vague sympathy for particular litigants.").

## III.   CONCLUSION

Because the Complaint is time-barred, the Court concludes that any amendment would be futile. *See Patel v. Georgia Dep't BHDD*, 485 F. App'x 982, 982 (11th Cir. 2012) ("Futility justifies the denial of leave to amend where the complaint, as amended, would still be subject to dismissal.") (citing *Burger King Corp. v. Weaver*, 169 F.3d 1310, 1320 (11th Cir. 1999)); *see also Bowhall v. Dep't of Def.*, No. 2:10-cv-607, 2010 WL 4806970, at *4 (M.D. Ala. Sept. 22, 2010) (noting that, because the plaintiff's claims were clearly barred by Alabama's two-year statute of limitations, they warranted dismissal as frivolous and any amendment to the pleading would be futile).

Accordingly, for the reasons set forth above, it is **ORDERED** that this case is **DISMISSED** with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) as time-barred and frivolous.

Final Judgment will be entered separately.

DONE, on this the 17th day of April 2026.

_____
R. AUSTIN HUFFAKER, JR.
CHIEF UNITED STATES DISTRICT JUDGE

3